IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWAYNE ALLEN VALENTINE, | § | |
| FCI 41307-177, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-11-0586 |
| | § | |
| DIRECTOR, TDCJ-CID, *et al.*, | § | |
| Defendants. | § | |

## ORDER

Plaintiff Dwayne Allen Valentine, a federal inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a more definite statement of his claims. (Docket Entries No.1, No.11). All defendants have been served and have filed an answer. (Docket Entries No.17, No.27). Therefore, with respect to this matter, the Court ORDERS the following:

1. Within thirty (30) days of entry of this Order, the parties shall disclose to each other all information relevant to the claims or defenses of any party. The parties shall promptly file a notice of disclosure after all such disclosure has taken place. No further discovery will be allowed except on further order of the Court. Conferences under FED. R. CIV. P. 16(b) and 26(f) are not required except on further order of the Court.

2. Defendants shall file any dispositive motion, including a motion for summary judgment under FED. R. CIV. P. 56, within forty (40) days after completion of the initial disclosure, as stated on the notice of disclosure filed in this Court. The defendants shall submit, with a business records affidavit, copies of any documents relevant to plaintiff's claims and defendants' defenses, including copies of any institutional rules or written unit rules relevant to the alleged events forming the basis of this lawsuit. If the defendants fail to file a motion for summary judgment within the forty (40) day time limit, the defendants are ORDERED to file an advisory to the Court regarding the reasons why summary judgment is inappropriate in this case.

3. Plaintiff shall respond to any motion to dismiss or motion for summary judgment within thirty (30) days of the date in which the

    defendants mailed plaintiff his copy of the motion, as shown on the defendants' certificate of service. <u>Failure of the plaintiff to respond to any of defendants' motions within the time limit may result in dismissal of this action for want of prosecution under FED. R. CIV. P. 41(b).</u>

4. Each party shall serve the other party, or his counsel, with a copy of every pleading, motion, or other paper submitted for consideration by this Court. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is proceeding *pro se*, by said party, with address likewise stated. In the case of the *pro se* party, *only signatures by the pro se party* will be accepted. If a layman signs a pleading, motion, or other document on behalf of a *pro se* party, such document will not be considered by the Court.

5. Every pleading, motion, or other document shall include on the original a signed certificate stating the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanction by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document.

6. There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be submitted to the Clerk with copies to the other party.

The Clerk will provide a copy of this order to the parties.

It is so ORDERED.

SIGNED at Houston, Texas, on ___March 23___, 2012.

                                      FRANCES H. STACY
                                      UNITED STATES MAGISTRATE JUDGE